EZRA PENDER, Appellant, v. DES MOINES RAILWAY COMPANY et al., Appellees.

No. 42179.

NOVEMBER 21, 1933.

REHEARING DENIED MARCH 9, 1934.

Ralph N. Lynch, for appellant.

Corwin R. Bennett, for appellees.

EVANS, J.—The accident under consideration occurred on October 17, 1932, at 7:15 or 7:30 in the morning. It occurred upon the intersection of the right of way of defendant and the street known as "Pleasant Drive" in the city of Des Moines. The railway right of way extended north and south. The street extended east and west. The plaintiff was traveling east and the street car was traveling north. The plaintiff lived four blocks west from this intersection. He left his home at 7:15 A. M. and drove east in his automobile over Pleasant drive. He was driving 10 to 12 miles an hour. To the south from Pleasant drive the street railway is laid between embankments about five feet high. As the plaintiff approached the intersection, these embankments cut off all view, in the first instance, of an approaching street car from the south. This was true up to a point 40 feet west of the west tracks of the railway. When the plaintiff reached a point 22 feet west of the west rail, he looked south and saw no car approaching. His range of view at that point was 87 feet down the railway track. Two sets of tracks are laid upon the right of way. They are referred to in the record as the "west set" of tracks and the "east set" of tracks. There was a space of 10 feet between them. The northbound cars used the east set of tracks and the southbound used the west set. As the plaintiff proceeded east from a point 22 feet west of the west tracks, the range of view of the railway to the south increased. When the plaintiff reached the west rail of the tracks, he had a range of view for an indefinite

distance. There were no embankments on the north side and the view in that direction was clear at all times. When the plaintiff came up to the west rail of the tracks, the approaching car was in plain view, but the plaintiff did not look in that direction until he had driven upon the tracks. He then looked and saw the approaching street car within 45 feet of him. The car was coming at 30 to 35 miles an hour; the plaintiff was driving 10 or 12 miles an hour. He was so close to the east tracks that he could not stop and could not avoid the collision. No excuse is shown for plaintiff's failure to see the approaching car before he entered upon the tracks, except the fact that he had looked at a point 22 feet from the track.

The case in its facts has a striking similarity to the case of Rosenberg v. Des Moines Railway Co., 213 Iowa 152, 238 N. W. 703. Counsel for appellant in his brief purports to differentiate the two cases. But the differentiation is predicated upon a mistaken view of the record as it appears in his abstract. The following quotations from appellant's brief will indicate the purported differentiation:

"From the above quotations from the Rosenberg case, it clearly appears that Rosenberg did not listen *at any time* as he approached the crossing, as he was required to under the law of this State. That alone would require a directed verdict against him."

Quoting again:

"He (plaintiff) specifically testified that he was listening for warnings when he was 22 feet west of the furthest west rail of all the tracks and nearly 40 feet west of the point of the accident. He again specifically testified that he was listening for warnings as he came on to the first set of tracks, a little over 15 feet from the point of the accident."

Sufficient to say that the printed record before us discloses no testimony by the plaintiff, as a witness, to the effect above set forth. He did not testify that he "listened" at any time. He did testify that he heard no sound or warning. The records in the two cases are quite identical in this respect. It was apparent to the plaintiff herein, as it was to the plaintiff in the Rosenberg case, that his range of view was limited when he first looked. He also knew that a street car moving at 30 to 35 miles an hour would cover a distance of 87 feet before the plaintiff could accomplish a crossing at a speed

of 10 or 12 miles an hour. When he entered upon the tracks, he had an unobstructed view to the south and must have seen the approaching car, if he had looked. No diverting circumstance intervened. The case is fully ruled by the Rosenberg case.

The judgment below is accordingly affirmed.

ALBERT, C. J., and KINDIG, DONEGAN, and CLAUSSEN, JJ., concur.